IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| MATAN GOLDSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:24-cv-00036-RSB-JCH |
| THE RECTOR AND VISITORS OF THE ) | |
| UNIVERSITY OF VIRGINIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO STAY & FOR PROTECTIVE ORDER**

COMES NOW Plaintiff Matan Goldstein, by and through undersigned counsel, who respectfully submits this Memorandum of Law in Opposition to Defendant The Rector and Visitors of the University of Virginia and Defendant James E. Ryan's Motion to Stay and for Protective Order (ECF No. 42). For the following reasons, the Plaintiff respectfully contends that the motion should be DENIED.

The Movants base their motions on two arguments, both of which, the Plaintiff respectfully suggests, are flawed: First, the Movants argue that their as-yet-unfiled dispositive motions at the Rule 12 stage will enjoy "strong support" warranting a stay of proceedings until the Court issues a ruling, likely in early January of 2025. Second, the Movants contend that discovery is not needed for the resolution of the motions to dismiss. In contrast, the Plaintiff contests these suppositions and further respectfully responds that public policy considerations and the equities and realities of this case militate in favor of proceeding with discovery.

Because the anticipated (but as-yet-unfiled) motions will not be strongly supported, the motion to stay should be denied. Of course, the Plaintiff cannot forecast with absolute certainty

exactly what arguments will eventually be lodged to counter his 168 page, 674 paragraph <u>Amended Complaint</u>. The Plaintiff also respectfully objects to the notion that this motion to stay is a forecast or referendum on the viability of the lawsuit or a *de facto* dispositive motion. In any event, the Plaintiff respectfully suggests that the Defendants' future motions to dismiss will not be strongly supported and, instead, the overwhelming majority, if not the entirety, of the Plaintiff's claims and contentions in this serious civil rights matter will survive any preliminary motions regarding the sufficiency of the pleadings.

As alleged in Paragraphs 23 and 24 of the <u>Amended Complaint</u> (ECF No. 39), a number of serious and significant civil lawsuits have been filed in federal courts across the country that involve materially similar allegations of antisemitic, pro-Hamas campaigns on college campuses nationwide by "chapters" of National Students for Justice in Palestine and Faculty for Justice in Palestine and the respective universities' deliberate indifference to the resultant misconduct and mistreatment of Jewish students such as the Plaintiff. In a case regarding Harvard University bearing materially similar if not identical facts and issues to those interposed in this matter, on the same day that the Plaintiff filed his <u>Amended Complaint</u>, August 6, 2024, The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, denied Harvard's motions to dismiss for failure to state a claim and for lack of standing. The federal district court ruled that "[i]n other words, the facts as pled show that Harvard failed its Jewish students." <u>Memorandum and Order on Defendant's Motion to Dismiss</u>, *Kestenbaum v. President and Fellows of Harvard Coll.*, 1:24-cv-10092, ECF No. 93, at *18 (D. Mass. Aug. 6, 2024). The Plaintiff respectfully submits that the facts alleged in his <u>Amended Complaint</u> show that the University of Virginia failed its Jewish students, too.

Likewise, in another significant ruling on August 13, 2024, entering a preliminary injunction in favor of Jewish students in a pending antisemitism on campus case bearing materially similar if not identical facts and issues to those interposed in this matter, the Honorable Mark C. Scarsi, United States District Judge for the Central District of California found:

> In the year 2024, in the United States of America, in the State of California, in the City of Los Angeles, Jewish students were excluded from portions of the UCLA campus because they refused to denounce their faith. This fact is so unimaginable and so abhorrent to our constitutional guarantee of religious freedom that it bears repeating, *Jewish students were excluded from portions of the UCLA campus because they refused to denounce their faith*.
>
> *Frankel v. Regents of the Univ. of Cal.*, 2:24-cv-04702-MCS-PD, ECF No. 89, at *2 (C.D. Cal. Aug. 13, 2024).

Importantly, the Court in *Frankel* held, "[f]or purposes of this order, all references to the exclusion of Jewish students shall include exclusion of Jewish students based on religious beliefs concerning the Jewish state of Israel." *Id.* at 16. This holding recognizes a fundamental facet of the Jewish faith and Jewish identity that is central to the Plaintiff's claims in the Amended Complaint here: "Judaism is synonymous with supporting Israel. To be a faithful Jew means to support the right of Israel to exist." Amended Complaint, ECF No. 39, ¶ 259.

Additionally, the Plaintiff would point to this Honorable Court's rulings in the *Sines v. Kessler* case, including the Order denying the various motions to dismiss, 324 F.Supp.3d 765 (W.D. Va. 2018), to rebut any contentions by the non-movant Defendants Students for Justice in Palestine at UVA and Faculty for Justice in Palestine UVA Chapter that their anticipated motions to dismiss will enjoy sufficiently strong support to warrant a stay of all proceedings. The anticipated defenses that will be posited by the Movants and non-movants alike are not strongly supported, having been denied in similar cases, and the motion to stay should therefore be denied.

Second, the Movants filed a fifty-eight-page brief, over twenty of which were dedicated to *their version* of the factual events that form the nucleus of their defenses. The Movants also attached numerous exhibits to their Rule 12 motion, including—controversially—confidential, highly sensitive portions of the Plaintiff's personal student records (filed under seal). In framing their arguments, the Movants asked that the Court dispense with discovery entirely and simply take judicial notice of, again, *their version* of crucial, operative, and material facts, incidents, and events. Putting aside the question of the propriety of fact-based defenses and submission of exhibits not yet in evidence at the Rule 12 stage that supposedly contradict the well-pled facts interposed and alleged in the Amended Complaint, the Movants' arguments demonstrate that this case is replete with substantial and numerous genuine issues of material fact, necessitating robust discovery that will be crucial to reinforcing or dispelling those assertions. The Movants' defenses are highly fact-dependent and thus, the Plaintiff contends that disposition of those arguments will require discovery. As a result, the Plaintiff respectfully submits that the motion should be denied.

Finally, the Movants cannot deny that this case presents a controversy of significant national and international public interest and raises factual matters and legal contentions of no small consequence. The University of Virginia is a public entity that cannot—and should not—argue that it has any legitimate interest in shielding the facts and evidence surrounding this grave civil rights dispute from full and complete disclosure. Moreover, the University of Virginia employs over 25,000 people, including teams of in-house professionals whose jobs are dedicated to the gathering of evidence in response to Freedom of Information Act requests and discovery requests in active litigation matters. The University expends $5 billion annually in its operating budget, including the salaries of the aforementioned professionals who gather evidence for matters such as this. Usually represented by the Office of Attorney General that enjoys no defense budget

limits, the multi-billion dollar public corporation that is the University of Virginia voluntarily chose to engage one of the world's largest law firms to serve as its defense counsel, and has assigned no less than four lawyers to appear as counsel of record. The non-movant Defendants have thus far engaged no less than four lawyers to appear as counsel of record, two of whom are members of the University of Virginia Law School faculty who, presumably, are not charging those Defendants for their work. On the other hand, the Plaintiff is not being financially supported by any person or entity or interest group of any kind. The Plaintiff's sole legal representation is the undersigned two-person, local, Charlottesville law firm. If discovery is going to be as expansive, complex, and cumbersome as the Defendants suggest, then prudence and efficiency would appear to militate in favor of commencing discovery now, rather than waiting five or six months to begin. Allowing the Plaintiff sufficient time to complete discovery without being caught between the Scylla of delaying trial or the Charybdis of abandoning legitimate discovery efforts would, the Plaintiff respectfully contends, be the fair and equitable result in this instance.

In the event that the Court is inclined to grant a stay of discovery, the Plaintiff would respectfully request that the stay be limited to party discovery only, and that the parties be allowed to commence third-party discovery such as subpoenas *duces tecum* or depositions of non-party witnesses and actors. Counsel for all Defendants have declined and oppose this compromise position.

For the foregoing reasons, the Plaintiff respectfully submits that the Motion to Stay should be DENIED. Alternatively, the Plaintiff requests that any stay be limited only to discovery between and among the parties, allowing for third-party discovery.

Date: August 21, 2024,

          Respectfully submitted,

          **MATAN GOLDSTEIN**

          By his counsel:

          <u>/s/ Gregory W. Brown</u>
          GREGORY W. BROWN – VA Bar # 36369
          KRISTI L. GAVALIER – VA Bar # 96707
          BROWN & GAVALIER, PLLC
          320 West Main Street
          Charlottesville, Virginia 22903
          Telephone & Facsimile (One Talk): 434-996-2606
          partners@brownandgavalier.com (Lawyers' Email)
          admin@brownandgavalier.com (CM/ECF)
          *Counsel for Matan Goldstein*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2024, I will electronically file a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record, each of whom are registered participants as identified on the NEF to receive electronic service, including:

| | |
|---|---|
| Kelly Orians (VSB No. 98047)<br>Thomas Frampton (*pro hac vice*)<br>580 Massie Road<br>Charlottesville, Virginia 22903<br>keorians@gmail.com<br>tframpton@gmail.com<br>*Counsel for Defendants SJP at UVA and FJP at UVA* | Jonathan T. Blank (VSB No. 38487)<br>MCGUIREWOODS LLP<br>323 2nd St. SE, Suite 700<br>Charlottesville, VA 22902<br>Tel.: (434) 977-2509<br>Fax: (434) 980-2258<br>jblank@mcguirewoods.com<br>*Counsel for Defendants UVA, Ryan, and Hardie* |
| Asim Ghafoor (*pro hac vice*)<br>LAW OFFICE OF ASIM GHAFOOR<br>23465 Rock Haven Way, Suite 100<br>Dulles, Virginia 20166<br>asim@glawoffice.com<br>*Counsel for Defendants SJP at UVA and FJP at UVA* | Farnaz F. Thompson (VSB No. 75982)<br>MCGUIREWOODS LLP<br>888 16th Street N.W., Suite 500<br>Black Lives Matter Plaza<br>Washington, D.C.<br>Tel: (202) 857-1000<br>Fax: (202) 857-2737<br>fthompson@mcguirewoods.com<br>*Counsel for Defendants UVA, Ryan, and Hardie* |
| Jonathan Wallace (*pro hac vice*)<br>Post Office Box 728<br>Amagansett, New York 11930<br>jonathan.wallace80@gmail.com<br>*Counsel for Defendants SJP at UVA and FJP at UVA* | Heidi E. Siegmund (VSB No. 89569)<br>Juliet B. Clark (VSB No. 96918)<br>MCGUIREWOODS LLP<br>800 East Canal Street<br>Richmond, VA 23219<br>Tel.: (804) 775-1000<br>Fax: (804) 775-1061<br>hsiegmund@mcguirewoods.com<br>jbclark@mcguirewoods.com<br>*Counsel for Defendants UVA, Ryan, and Hardie* |

/s/ Gregory W. Brown
BROWN & GAVALIER, PLLC